UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


SHARON RUTH BROADWAY, #861919,

          Petitioner,

                                CASE NO. 2:15-CV-11917
v.                                HONORABLE PAUL D. BORMAN

ANTHONY STEWART,

          Respondent.
_____/


## ORDER DENYING PETITIONER'S MOTION
## TO STAY AND HOLD PETITION IN ABEYANCE

### I.

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner Sharon Ruth Broadway ("Petitioner") pleaded guilty to maintaining a criminal enterprise, MICH. COMP. LAWS § 750.159i(2), and embezzlement from a financial institution, MICH. COMP. LAWS § 750.180, in the Monroe County Circuit Court. She was sentenced to concurrent terms of 3 years 9 months to 20 years imprisonment and 10 months to 20 years imprisonment in 2013. In her current petition, she raises an insufficient evidence claim. The matter is before the Court on Petitioner's motion to stay the proceedings and hold her habeas petition in abeyance so that she may return to the state courts and exhaust an additional issue concerning the scoring of Offense Variable 9 of the state sentencing guidelines. For the reasons stated, the Court denies Petitioner's motion.

## II.

Petitioner's convictions arise from her embezzlement of more than $1,000,000 from her Catholic credit union employer over the course of several years. Following sentencing, Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals raising an insufficient evidence claim and a double jeopardy claim. The court denied leave to appeal for lack of merit in the grounds presented. *People v. Broadway*, No. 318095 (Mich. Ct. App. Dec. 4, 2013) (unpublished). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *People v. Broadway*, 495 Mich. 1007, 846 N.W.2d 402 (May 27, 2014). Petitioner dated her federal habeas petition, and the instant motion, on May 18, 2015 and those pleadings were filed by the Court on May 27, 2015. Respondent has filed an answer to the petition and the state court record, but has not filed a separate response to the instant motion.

## III.

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). To satisfy this requirement, the claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state

2

courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must also be presented to the state courts as federal constitutional issues. *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). A Michigan prisoner must properly present each issue he seeks to raise in a federal habeas proceeding to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). While the exhaustion requirement is not jurisdictional, a "strong presumption" exists that a petitioner must exhaust all available state remedies before seeking federal habeas review. *Granberry v. Greer*, 481 U.S. 129, 131, 134-35 (1987). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

A federal court has discretion to stay a mixed habeas petition, containing both exhausted and unexhausted claims, to allow a petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state remedies before proceeding in federal court, the petitioner has not engaged in intentionally dilatory litigation tactics, and the unexhausted claims are not "plainly meritless." *Id.* at 277.

Petitioner has not shown the need for a stay. Her current habeas claim is exhausted and she fails to show that the one-year statute of limitations applicable to

3

federal habeas actions, *see* 28 U.S.C. § 2244(d), poses a concern.  The one-year period does not begin to run until 90 days after the conclusion of direct appeal, *see Jimenez v. Quarterman*, 555 U.S. 113, 120 (2009) (a conviction becomes final when "the time for filing a certiorari petition expires"); *Lawrence v. Florida*, 549 U.S. 327, 333 (2007).  The Michigan Supreme Court denied leave to appeal on May 27, 2014 and the time for seeking a writ of certiorari with the United States Supreme Court expired on August 25, 2014.  Petitioner dated her federal habeas petition on May 18, 2015.  Thus, less than nine months of the one-year period had expired when Petitioner instituted this action.  While the time in which this case has been pending in federal court is not statutorily tolled, *see Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (a federal habeas petition is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) so as to statutorily toll the limitations period), such time is normally equitably tolled.  *Johnson v. Warren*, 344 F. Supp. 2d 1081, 1088-89 (E.D. Mich. 2004).  The limitations period would also be tolled while any properly filed post-conviction or collateral actions are pending in the state courts.  28 U.S.C. § 2244(d)(2); *Carey v. Saffold*, 536 U.S. 214, 219-21 (2002).  Given that more than three months of the one-year period remains, Petitioner has not shown the need for a stay.

Moreover, while there is no evidence of intentional delay, Petitioner neither alleges nor establishes good cause for her failure to present her unexhausted sentencing claim to the state courts before seeking federal habeas review.

Lastly, Petitioner's sentencing claim is "plainly meritless" for purposes of federal habeas relief.  A challenge to the scoring of Offense Variable 9 of the Michigan sentencing guidelines is not cognizable on federal habeas review because it is a state law claim.  *See Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003) ("A state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only."); *Cheatham v. Hosey*, 12 F.3d 211, 1993 WL 478854, *2 (6th Cir. Nov. 19, 1993) (departure from state sentencing guidelines is a state law issue not cognizable on federal habeas review); *McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006); *Robinson v. Stegall*, 157 F. Supp. 2d 802, 823 (E.D. Mich. 2001).  State courts are the final arbiters of state law and the federal courts will not intervene in such matters. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987); *see also Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting on habeas review"); *Sanford v. Yukins*, 288 F.3d 855, 860 (6th Cir. 2002).  Habeas relief does not lie for perceived errors of state law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).  Petitioner's claim is thus not potentially meritorious.  A stay is unwarranted.  *See, e.g., Harris v. Rivard*, No. 2:14-CV-12443, 2015 WL 4274957 (E.D. Mich. July 14, 2015) (denying stay motion where petitioner failed to show good cause and unexhausted claim was a state law issue).

**IV.**

Accordingly, for the reasons stated, the Court **DENIES** Petitioner's motion to stay and hold her petition in abeyance.  The Court shall proceed on the claim contained in the pending habeas petition.

**IT IS SO ORDERED.**



s/Paul D. Borman_____
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  April 20, 2016

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 20, 2016.


s/Deborah Tofil_____
Case Manager

6